IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| RICHARD HORN and BETTY HORN, ) <br> ) <br> Plaintiffs, ) <br> VS. ) <br> ) <br> ROBERT G. TAYLOR, M.D.; THE CENTER ) <br> FOR PLASTIC SURGERY, PLC, d/b/a Robert ) <br> Taylor Plastic Surgery and Taylor Plastic ) <br> Surgery; and TAYLOR SURGERY CENTER, ) <br> LLC, d/b/a Surgical Arts Surgery Center, ) <br> ) <br> Defendants ) <br> ) | CASE NO. 5:23-cv-5018-TLB <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiffs Richard Horn and Betty Horn, by and through their attorneys, The Brad Hendricks Law Firm, for their Complaint, state:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Richard Horn is an individual resident of Vian, Sequoia County, Oklahoma. Plaintiff Betty Horn is Richard Horn's wife and also resides in Vian, Sequoia County, Oklahoma.

2. On information and belief, Defendant Robert G. Taylor, M.D., is an individual resident of Rogers, Benton County, Arkansas. He is a physician licensed to practice medicine in the state of Arkansas and holds himself out to the public as a specialist in plastic surugery.

1

3. Defendant The Center for Plastic Surgery, PLC is an Arkansas professional limited liability company doing business as Robert Taylor Plastic Surgery and Taylor Plastic Surgery ("TPS") with its principal place of business at 4803 N Highland Knolls Road, Suite 300, Rogers, Benton County, Arkansas. Defendant TPS is subject to service of process by its registered agent, K. Vaughn Knight. It is believed that Defendant TPS is the employer or principal of Defendant Robert G. Taylor, M.D., and as such it would be vicariously liable for his actions.

4. Taylor Surgery Center, LLC, is an Arkansas limited liability company doing business as Surgical Arts Surgery Center ("SASC") with its principal place of business at 3733 North Business, Fayetteville, Washington County Arkansas. Defendant SASC is subject to service of process by its registered agent, Robert P. Taylor. It is believed that Defendant SASC is the employer or principal of Defendant Robert G. Taylor, M.D., and as such it would be vicariously liable for his actions.

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties. This Court has both general and specific personal jurisdiction over the Defendants, as they are all domiciled in this State and the events complained of herein arise out of and are related to their contacts within this State.

6. Venue is proper in the U.S. District Court for the Eastern District of Arkansas pursuant to 28 USC §§ 1391(b)(1)-(2).

**FACTUAL BACKGROUND**

7. On February 3, 2021, Plaintiff Richard Horn suffered a crush injury to his left middle finger and went to the Mercy Hospital Northwest Arkansas emergency room in Rogers,

2

Arkansas for treatment. Defendant Robert G. Taylor, M.D., diagnosed Mr. Horn with an open displaced comminuted fracture to the middle phalanx of the left middle finger and scheduled him for reconstructive surgery the following day.

8. On February 4, 2021, Mr. Horn was admitted to Mercy Hospital and taken to the operating room by Dr. Taylor, where he performed an open reduction and K-wire fixation of the left middle finger middle phalanx fracture to reconstruct Mr. Horn's injured finger.

9. On March 22, 2021, or roughly six and one-half weeks following surgery, Dr. Taylor met with Mr. Horn at the TPS clinic in Rogers, Arkansas for a follow-up appointment. Mr. Horn complained of stiffness, tenderness, and swelling in his reconstructed finger, and he told Dr. Taylor that it was greatly interfering with his ability to work. At this point, Dr. Taylor recommended amputation of Mr. Horn's left middle finger. There was no discussion of alternative reconstructive procedures, such as possible joint replacement or tenolysis/capsulotomy.

10. On April 1, 2021, Dr. Taylor performed a third ray amputation of Mr. Horn's left middle finger at the SASC's location in Fayetteville, Arkansas. After amputating Mr. Horn's finger, Dr. Taylor did not perform a D2 metacarpal transfer, which left him with a gap opening in the palm and scissoring of his fingers when he makes a fist.

11. As the deep transverse metacarpal ligament in Mr. Horn's left hand relaxed post-operation, the gap between his fingers widened, causing him weakness, chronic pain, hypersensitivity, and numbness in his hand. On August 30, 2021, Dr. Taylor met with Mr. Horn at the TPS office in Rogers, Arkansas, and recommended Mr. Horn undergo a third operation to attempt to close the widening gap between his second and fourth fingers and re-stabilize it with a transverse intermetacarpal K wire.

12. On September 28, 2021, Dr. Taylor performed a left third ray transverse metacarpal ligament repair on Mr. Horn at the SASC facility in Fayetteville, Arkansas, but the procedure ultimately failed to alleviate Mr. Horn's symptoms.

13. On April 25, 2022, Mr. Horn obtained a second opinion from plastic surgeon James Kelly, M.D. Based on Mr. Horn's persistent symptoms and findings on physical exam, Dr. Kelly recommended further reconstructive surgery which included metacarpal transfer with plating and endoscopic carpal tunnel release.

## COUNT I – MEDICAL NEGLIGENCE

### DEFENDANT ROBERT G. TAYLOR, M.D.

14. The allegations contained in the preceding paragraphs of this Complaint are reasserted and incorporated herein as if set forth, word-for-word.

15. In diagnosing his condition, operating upon him, and providing his post-operative treatment, Dr. Taylor owed Mr. Horn a duty to apply with reasonable care the degree of skill and ordinarily possessed and used by plastic surgeons in Fayetteville, Arkansas, and Rogers, Arkansas, or a similar locality, when faced with a similar situation.

16. In the course of evaluating Mr. Horn and performing Mr. Horn's second and third surgeries, Dr. Taylor breached that standard of care.

17. Specifically, Dr. Taylor breached the applicable standard of care as to Mr. Horn by, *inter alia*:

    a. Recommending a third ray amputation only six weeks post primary surgical repair without first attempting reconstructive surgery, in the absence of any apparent soft tissue or skin loss, vascular compromise, or infection;

4

      b.      Performing a third ray amputation only eight weeks post primary surgical repair without first attempting reconstructive surgery, in the absence of any apparent soft tissue or skin loss, vascular compromise, or infection;

      c.      Failing to perform a D2 metacarpal transfer after performing the third ray amputation.

18.    Dr. Taylor's above-described negligence was a direct and proximate cause of Mr. Horn's medical injury, and he has thereby sustained damages in excess of the federal jurisdictional amount for diversity of citizenship cases.

## COUNT II – INFORMED CONSENT

### DEFENDANT ROBERT G. TAYLOR, M.D.

19.    The allegations contained in the preceding paragraphs of this Complaint are reasserted and reincorporated herein as if set forth, word-for-word.

20.    In obtaining consent to perform surgery, a surgeon is under a duty to supply adequate information to enable the patient to make a reasoned and intelligent decision to give or withhold consent.

21.    Other than in an emergency situation, the information required is that type as would customarily have been given at the time of treatment to a patient in a similar situation by other surgeons with similar training and experience practicing in the locality in which he practices or in a similar locality.

22.    Plastic surgeons in the same or similar locality would customarily give patients in Mr. Horn's situation information regarding the available options to attempt reconstructive surgery prior to recommending a ray amputation.

23. Dr. Taylor breached his duty to obtain informed consent by failing to advise Mr. Horn of the available options to attempt reconstructive surgery on Mr. Horn's left middle finger prior to recommending amputation.

24. Dr. Taylor's failure to supply adequate information to obtain Mr. Horn's informed consent prior to amputating his left middle finger was a direct and proximate cause of Mr. Horn's damages, which exceed the federal jurisdictional amount for diversity of citizenship cases.

### COUNT III – MEDICAL NEGLIGENCE

**DEFENDANT THE CENTER FOR PLASTIC SURGERY, PLC D/B/A TAYLOR PLASTIC SURGERY**

25. The allegations contained in the preceding paragraphs of this Complaint are reasserted and incorporated herein as if set forth, word-for-word.

26. On information and belief, at all times relevant hereto, Defendant TPS and Defendant Robert G. Taylor, M.D., were employer and employee, or principal and agent. Therefore, any negligence on the part of Dr. Taylor is charged to TPS with respect to the Plaintiffs' claims.

27. The above-described negligence of Defendant TPS, and its agents, officers, and employees, was a direct and proximate cause of Mr. Horn's medical injury, and he has thereby sustained damages in excess of the federal jurisdictional amount for diversity of citizenship cases.

### COUNT IV – MEDICAL NEGLIGENCE

**DEFENDANT TAYLOR SURGERY CENTER, LLC D/B/A SURGICAL ARTS SURGERY CENTER**

28. The allegations contained in the preceding paragraphs of this Complaint are reasserted and incorporated herein as if set forth, word-for-word.

29. On information and belief, at all times relevant hereto, Defendant SASC and Defendant Robert G. Taylor, M.D. were employer and employee, or principal and agent. Therefore, any negligence on the part of Dr. Taylor is charged to TPS with respect to the Plainitffs' claims.

30. The above-described negligence of Defendant SASC, and its agents, officers, and employees, was a direct and proximate cause of Mr. Horn's medical injury, and he has thereby sustained damages in excess of the federal jurisdictional amount for diversity of citizenship cases.

## PRAYER FOR RELIEF AND JURY TRIAL DEMAND

31. Richard Horn claims the following damages on his behalf:

   a. Past and future medical and life care expenses attributable to all injuries to Richard Horn, including but not limited to, the injuries alleged in all the preceding paragraphs;

   b. Any scars, disfigurement, and visible results of any injuries sustained by Richard Horn;

   c. Permanent injury;

   d. Any and all conscious pain and mental anguish suffered by Richard Horn as a result of the above stated injuries and pain and mental anguish she will likely suffer in the future;

   e. The reasonable expense of any necessary help in the home which has been or is reasonably certain to be required in the future;

   f. Past and future loss of income and loss of earning capacity of Richard Horn; and,

   g. Exemplary damages.

32. Betty Horn claims damages for the loss of consortium of Richard Horn, her husband of 18 years.

33. Plaintiffs demand a jury trial.

Wherefore, Plaintiffs pray for judgment against over and against Defendants in excess of the federal jurisdictional amount for diversity of citizenship cases and sufficient to compensate them for the damages described above, and for all other relief to which they may be entitled.

    Respectfully submitted,

**THE BRAD HENDRICKS LAW FIRM**
500 C Pleasant Valley Drive
Little Rock, AR 72227
Phone: (501) 221-0444
Fax: (501) 219-0608
*Attorneys for Plaintiffs*

By: */s/  George R. Wise, Jr.*
    GEORGE R. WISE, JR   ABN 78171
    LEE D. CURRY            ABN 2014153